In the Matter of the Estate of CHARLES A. BRUNS, Deceased.

Surrogate's Court, Richmond County, May 12, 1932.

*L. W. & A. B. Widdecombe*, for the petitioners.

SMITH, S. Application has been made to this court for a construction of the " sixth " and " eighth " paragraphs of said will, which read as follows:

" *Sixth.* I direct my executrix and executors, or such of them as may qualify and act, and their successors, as soon as practicable after my death, and in all events, within the lives of my brother, John F. Bruns, and of my son-in-law, Victor J. Valles, and of the survivor of my said brother and my said son-in-law, to organize, or participate in the organization of, a corporation to take over and conduct my business known as East India Tea Company under the name of East India Tea Company, Inc., if possible, and if not possible, under such other name as they may select, hereby leaving to their best judgment the details of such incorporation, and to

convey, assign, transfer and deliver to said corporation in consideration of so much of the shares of stock thereof as may be determined upon by my said executrix and executors, who shall qualify and act, or their successors, all of the assets of said business, other than real estate, together with the good will thereof, and cash on hand thereto belonging, upon such terms and conditions as to them shall seem proper. When such corporation shall have been organized, I give and bequeath to my brother, Henry F. Bruns, absolutely and forever, one-twentieth (1/20) of the shares of the stock thereof, received by my said executrix and executors, who may qualify and act, and their successors, upon the incorporation of said business, and to my nephew, John F. Bruns, Jr., absolutely and forever, one-twentieth (1/20) of the shares of said stock received by my said executrix and executors, who may qualify and act, and their successors, upon the incorporation of my said business, and to my brother, John F. Bruns, absolutely and forever, six-twentieths (6/20) of the shares of said stock received by my said executrix and executors, who may qualify and act, and their successors, upon the incorporation of my said business. The remaining shares of said stock received by my said executrix and executors, who may qualify and act, and their successors, upon the incorporation of my said business, I give to my trustee, hereinafter named, and his successors, to receive and hold the same as a part of the trust created in and by the item numbered ' eighth ' of this Will, and subject to all the terms, conditions and provisions of said trust, and to all the provisions of this Will applicable to said trust.''

'' *Eighth.* If my said wife, Alice G. Bruns, survives me, I give, devise and bequeath all the rest, residue and remainder of my property of whatsoever kind or wheresoever situated, including lapsed and void legacies and devises, and any property over which I shall possess any power of appointment, to my trustee, hereinafter named, and his successors, in trust, nevertheless, to hold, invest and reinvest and keep invested, the same, and to collect and receive the rents, issues and profits therefrom, and after paying from such rents, issues and profits, the taxes and other disbursements and charges incident to such trust and trust estate, properly chargeable against the same, to pay the residue thereof, or the net income of such trust estate, quarterly, to my said wife, Alice G. Bruns, for and during the term of her life. Upon the death of my said wife, or in the event that she shall not survive me, I give, devise and bequeath all of my property so directed to be held in trust in this my Will, together with the shares of stock of my business, known as the East India Tea Company, if incorporated,

hereinabove given to my trustee, or in the event of my having sold said business, or having contracted to sell my said business, prior to my death, the net proceeds of the sale thereof, hereinabove given to my trustee, to my children, who shall be living at the time of the death of my said wife, and to the descendants of any child of mine who shall then be dead, such descendants to take *per stirpes* and not *per capita*," as to the meaning of the word " assets " as that word is used in that part of paragraph " sixth," in the sentence " all of the assets of said business," and specifically whether three certain debit balances on the books of said East India Tea Company, viz., (1) shown as the Charles A. Bruns account; (2) Charles A. Bruns tax account, and (3) account of John F. Bruns, are assets belonging to the business of the East India Tea Company, and whether said accounts should be transferred to the corporation to be created as provided in the decedent's will, and disposed of under paragraphs " sixth " and " eighth " thereof.

It appears from the petition requesting the construction of said paragraphs that said decedent died on September 1, 1931; that he had conducted a cash grocery business in a number of stores in the county of Richmond under the name of the East India Tea Company; that for a period of years, prior to decedent's death, he had obtained from said stores groceries, provisions and other merchandise, and to have had paid from the cash assets of said stores some of his personal bills, and that said merchandise and moneys were debited on the books of said stores against Charles A. Bruns, and at the time of the death of decedent he was debited on said books in the sum of $13,576; and that John F. Bruns, who was a brother of said decedent, and who was employed by the decedent in the said grocery business, likewise procured from time to time certain merchandise from said stores, and at the time of the decedent's death, said John F. Bruns was debited on said books in the sum of $2,074.45.

The question as to whether or not said accounts receivable belonged to the grocery business and should be transferred, with the other assets, to the corporation to be created, is one of intent, and after a careful reading of the two paragraphs mentioned, I find that said accounts receivable were not intended by the decedent to be transferred, with the other assets, to said grocery business, for the decedent expressly states in the last sentence of paragraph " eighth " that all of his property directed to be held in trust by his will, " together with the shares of stock of my business, known as the East India Tea Company, if incorporated, hereinabove given to my trustee, or in the event of my having sold said business, or having contracted to sell my said business, prior to

my death, the net proceeds of the sale thereof, *hereinabove given to my trustee*, to my children."

Paragraph " sixth " of said will gave to the trustee named in decedent's will twelve-twentieths of the shares of the stock of the East India Tea Company, when incorporated, in trust, to hold the same as a part of the trust estate created by paragraph " eighth," and the assets, which would be transferred to the corporation to be created, would, after a careful reading of the quoted part of said paragraph " eighth," be the same assets as would have been sold by the decedent had he sold, or contracted to sell, the same in his lifetime, and I cannot, by the widest stretch of my imagination, consider that if the decedent had sold said business he would have sold a personal claim against himself, or a personal claim against his brother, who was engaged in carrying on the business with said decedent. There were no other claims due the business, for as hereinbefore stated the business was strictly cash.

My attention was called by the attorneys for the petitioners to *Matter of Lowe* (149 App. Div. 347; modfd., 206 N. Y. 671), which, it is claimed throws light on the problems presented, but I do not consider that said case is at all analogous to the matter in hand, and I accordingly decide that the debit accounts on the books of the East India Tea Company against Charles A. Bruns for any amount, and against John F. Bruns in the sum of $2,074.45, form no part of the assets of said business, which were to be transferred to the corporation to be created, and that such accounts receivable are a part of the general assets of the estate of said decedent, and were not specifically disposed of by his will.

Prepare decree accordingly.